Mr. Steven W. Jones, President Phillips County Community College P.O. Box 785 Helena, Arkansas 72342-0785
Dear Mr. Jones:
This is in response to your request for an opinion concerning the election of members of local community college boards. Specifically, you note two statutory provisions, (A.C.A. 7-5-106
and 6-61-520), one of which requires a run-off election for "county elected offices", and one of which requires only a plurality for the election of community college board members. Your questions relative to these statutory provisions are as follows:
 Does this [A.C.A. 7-5-106] conflict with the enabling legislation establishing community college elections (reference 6-61-520, Section 5)? This seems to establish election by plurality without run-offs. Are trustees county elected officials? If so, which election criteria is appropriate? How can some county elected officials be elected by plurality while others must receive a majority? Why can public school board candidates participate in run-off elections but public college board candidates cannot?
It is my opinion, in response to your first question, that the two statutory provisions do not conflict. One provision governs "county elected officers" and one governs community college board members. This office has previously opined that the office of community college board member is not one "under any . . . county or municipal government" for the purposes of A.C.A. 14-51-202(b)(1). See Opinion No. 89-219, a copy of which is enclosed. It is concluded in that opinion that these board members are elected by district rather than by county. It is thus my opinion that A.C.A.6-61-520(c)(5) governs the question and requires only a plurality of votes for the election of community college board members.
As to your remaining questions, which inquire as to how some county elected officials can be elected by plurality while others must receive a majority, and why public school board candidates participate in run-off elections but public college board candidates cannot, it should be noted again that community college board members are not "county elected officials". Thus there is no disparity in treatment between "county elected officials". Additionally, the question of why public school board candidates can participate in run-off elections but public college board candidates cannot must be answered simply by stating that in the former instance, the legislature has seen fit to provide for run-off elections, (A.C.A. 6-14-121 (Supp. 1989)), and in the latter it has not. See A.C.A. 6-61-520.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.